NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                                    :
DAGOBERTO BOLANOS CERVANTES,         :
                                    :
          Plaintiff,                 :        Civil No. 04-3788 (RBK)
                                    :
     v.                              :        **OPINION**
                                    :
UNITED STATES OF AMERICA,            :
                                    :
          Defendant.                 :
_____ :

**KUGLER**, United States District Judge:

Dagoberto Bolanos Cervantes, who is presently serving a 120-month federal sentence, see Cervantes v. United States, 2006 U.S. Dist. LEXIS 36572 (D.N.J. 2006), petitions for a certificate of appealability from the denial of his habeas corpus petition. 28 U.S.C. §2253(c). Having thoroughly reviewed Petitioner's submissions, the Court declines to issue a certificate of appealability.

**I.     BACKGROUND**

On January 10, 2003, Petitioner pled guilty to conspiracy to distribute and possess with intent to distribute more than 5 kilograms of cocaine, and was sentenced on August 8, 2003 to 120 months incarceration. On August 9, 2003, Petitioner filed a writ of habeas corpus pursuant to 28 U.S.C. §2255, which was dismissed on June 6, 2006.

Petitioner executed the instant petition for a certificate of appealability on July 5, 2006. The Clerk received it on July 10, 3006. The Petition raises four grounds for relief.

First, Petitioner argues that his plea was involuntary and invalid because, due to ineffective assistance of his attorney, he entered into it under the impression that he was eligible for a lower sentence than the guidelines provide.

Second, Petitioner argues that his plea was invalid due to the ineffective assistance of his counsel, based on the fact that his attorney did not perform due diligence in making sure that he understood the proceedings despite his language barrier.

Third, Petitioner argues that his attorney was ineffective because he did not address an alleged improper threat made to the petitioner by the government's attorney during plea negotiations.

Finally, Petitioner argues that his sentence is invalid because his penalty was enhanced based on facts not submitted to a jury and proven beyond a reasonable doubt.

## II.   STANDARD OF REVIEW

A certificate of appealability is issued only when the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(3).  "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

## III.   DISCUSSION

The first three arguments put forward by Petitioner are claims based on ineffective assistance of counsel.  The standard for ineffective assistance of counsel is very deferential to the attorney involved.  Strickland v. Washington, 466 U.S. 668, 687 (1984).  First, the errors made by counsel must be shown to be "so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." Id.  Second, petitioner must show actual prejudice - that "counsel's errors were so serious as to deprive the defendant of a fair trial." Id.

The Third Circuit in follows this test.  <u>Government of Virgin Islands v. Zepp</u>, 748 F.2d 125 (3d Cir. 1984).

In his first ground for relief, Petitioner claims that due to counsel's failure to explain the nature of the plea agreement to him, his waiver of his right to collaterally attack his sentence under § 2255 was involuntary and invalid.  He argues that he entered into the plea agreement under the belief that he was eligible for the "safety valve" provision in 18 U.S.C. § 3553 that would have let him receive less than the mandatory minimum sentence of 120 months he faced under the sentencing guidelines (and which he in fact received).  Petitioner argues that he was not aware that due to his criminal history he was ineligible for this lower sentence.  He claims that if the fact that he was ineligible for this lower sentence had been made clear to him he would have explored other more favorable plea options, including cooperation with the government.

The transcript of the sentencing hearing, however, makes it clear that the Court explained to Petitioner that he was ineligible for a sentence lower than 120 months and gave him the opportunity to withdraw his plea if he felt misled as to the penalties.  (Sent. Tr. at 7-8.)  The Court questioned him in some detail about his degree of understanding of the penalty he faced and the consequences of the plea and informed him that he was free to throw out his guilty plea if he wished.  (Sent. Tr. at 7-8.)  According to the transcript, he refused this option and asserted his wish to enter a guilty plea.  (Sent. Tr. at 8.)  It is clear from this record that Petitioner entered the plea aware of the consequences.  This argument has no merit.

Petitioner also argues that his attorney did not perform due diligence in making sure that Petitioner understood the proceedings despite his language barrier.  The court has a duty to inquire into a criminal defendant's proficiency in English when the issue is raised before the Court by the parties or through obvious circumstances.  <u>United States v. Daimler</u>, No. 7:99-CV-

090-R,  2001 U.S. Dist. LEXIS 18995, at *6 (N.D. Tex. Nov. 19, 2001).  The court must appoint a qualified interpreter if the defendant "speaks only or primarily a language other than the English language… so as to inhibit such party's comprehension of the proceedings or communication with counsel or the presiding judicial officer, or so as to inhibit such witness' comprehension of questions and the presentation of such testimony." 28 U.S.C. § 1827 (d)(1).  Such an interpreter was appointed for Petitioner.  The transcript records that Lois Weaver, the interpreter, was sworn in at the beginning of the hearing (Sent. Tr. at 2), and the conversations recorded indicate clear understanding of the proceedings on the petitioner's part.  (Sent. Tr. at 7-8.)  The argument that his guilty plea was invalid because of the language barrier is without merit.

Petitioner argues that his counsel failed to address an improper threat made by a government attorney to him at a recess during the sentencing hearing.  He claims that the government's attorney told him that if he withdrew his guilty plea and went to trial, the government would use his co-defendants as witnesses against him.  Assuming that this is true, it is not clear why this would be an improper threat.  It is perfectly reasonable that co-defendants would be called to testify against a defendant in a criminal trial, and this would require no improper action on the part of the prosecutor.  It is not improper for a defendant to be told the consequences of refusing to accept a plea deal if those consequences are not vindictive actions.  The Third Circuit has stated that "no prosecutorial vindictiveness exist[s] …in the context of a plea bargain where the defendant is informed of the terms of the deal and is free to accept or reject the offer." United States v. Oliver, 787 F. 2d 124, 125 (3d Cir. 1986) (citing Bordenkircher v. Hayes, 434 U.S. 357, 363 (1978)).  This argument, too, is without merit.

Finally, Petitioner argues that the sentence was invalid because the factors which

increased his sentence were not facts submitted to a jury and proven beyond a reasonable doubt. However, the Supreme Court held in Apprendi v. New Jersey that the fact of a prior conviction is not a fact that must be found by a jury in order for it to be used to enhance a sentence. 530 U.S. 466, 490 (2000). Criminal history is an exception to the rule Petitioner cites, which is that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. It was Petitioner's criminal history that made him ineligible, under the sentencing guidelines, for the safety valve provision and consequently the lower sentence. Therefore, Apprendi controls and this argument has no merit.

V.   **CONCLUSION**

For the reasons set forth above, the Court denies a certificate of appealability. An accompanying order shall issue today.

Dated:    10/19/2007                                        /s/ Robert B. Kugler
                                                            ROBERT B. KUGLER
                                                            United States District Judge